J-S14023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARREN LAMONT MACKLIN, | |
| Appellant | No. 1488 EDA 2014 |

Appeal from the Judgment of Sentence of February 28, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008503-2012

BEFORE:  DONOHUE, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 01, 2015**

Appellant, Darren Lamont Macklin, appeals from the judgment of sentence entered on February 28, 2014, as made final by the denial of post-sentence motions on April 15, 2014, following his bench trial conviction for indecent assault of a person less than 13 years of age.[1] Upon review, we affirm.

The trial court set forth the facts and procedural history of this case as follows:

> Appellant's non-jury trial commenced on May 13, 2013 and concluded on May 17, 2013.  At trial, the Commonwealth presented testimony from the victim, herein "I.L.", her mother, Jazla, Jacqueline Brown from Child and Youth Services and Officer John Kuryan of the Chester City Police Department.

---

[1]  18 Pa.C.S.A. § 3126(a)(7).

I.L. testified that although she is currently thirteen, she was ten years old on the night of the incident and living [in a home on] Jeffrey Street in Chester, Pennsylvania with her mom, grandmother, sister and brother. Appellant, known to her as "Sporty" would also spend time at the home. I.L.'s mother, Jazla, testified that two other women also stayed in the home on occasion, one by the name of Amber. The house had four bedrooms and I.L. testified that although she does not always sleep in the middle bedroom, it is technically hers and that she always sleeps in that room when she has company spending the night.

On the evening of the assault, I.L. had a friend spending the night. Prior to going upstairs to bed, the two were downstairs with I.L.'s grandmother, the grandmother's boyfriend, and Appellant, all of whom were drinking. Sometime after I.L. had fallen asleep, she woke up to Appellant "touching her rear end with his hands." I.L. testified that when she went to sleep her pants were up but when she awoke to Appellant touching her, her pants were pulled down, Appellant's zipper was down, and Appellant was "holding her rear end open." I.L. flicked on the light [] and confronted Appellant to which he answered "my bad I thought you was Amber."

I.L.'s mother, Jazla, testified that her daughter told her a few days later that "Sporty had touched her." Jazla confronted Appellant about the incident twice. The first time, Appellant replied "I ain't no molester" and then he left the residence for a few days. When Jazla asked Appellant again if he had touched I.L., she had to ask several times before he responded: "My bad, I thought she was Amber." Jazla's testimony was that she had no reason to believe that Appellant was "messing around" with Amber. In fact, she thought he was having sexual relations with the other woman who sometimes stayed in the home. However, Officer John Kuryan testified that when he interviewed Appellant, he stated that he was sleeping with Amber and the other woman, whom he identified as Takia Carr. [Moreover,] Jazla testified that Amber was somewhere between 5'6["]-5'7["] and 130 pounds while her daughter was only 50-60 pounds. Shortly after the incident, Jazla noticed that I.L. was acting differently, having nightmares and acting out in school.

At the conclusion of trial, [the trial court] found Appellant guilty [of the aforementioned crime and not guilty of attempted aggravated assault, attempted rape of a child, and corruption of a minor.] Sentencing was deferred until August 22, 2013, and [the trial court] ordered a [p]sychosexual [e]valuation and [pre]-[s]entence [i]nvestigation.

On May 20, 2013, [the trial court] issued an [o]rder to have Appellant assessed by the Pennsylvania Sexual Offenders Assessment Board [(herein "SOAB")]. On August 14, 2013, the SOAB provided [the trial court] with a written assessment and on August 15, 2013, the Commonwealth filed a *praecipe* for a hearing.

On August 22, 2013, based on the report and the request for a SOAB hearing, defense counsel requested a continuance until October 3, 2013, which [the trial court] granted.

On October 3, 2013, defense counsel advised [the trial court] that he had retained his own expert who needed time to review the reports. [The trial court] granted a continuance[.]

On January 14, 2014, [the trial court] held a hearing to determine whether Appellant should be classified as a sexually violent predator [("SVP")], pursuant to 42 Pa.C.S. § 9795. The Commonwealth presented testimony from Dr. Thomas F. Haworth Ph.D., a licensed psychologist and member of the Pennsylvania SOAB, who testified that it was his opinion that Appellant met the criteria to be classified as a [SVP]. The defense presented testimony from Dr. Steven Mechanick, M.D., who rendered the opinion that the available evidence did not support Dr. Haworth's opinion that Appellant met the criteria. After hearing from the witnesses, [the trial court] took the matter under advisement until the sentencing hearing scheduled for February 28, 2014.

On February 28, 2014, [the trial court] found that the Commonwealth did not satisfy its burden to classify Appellant as a [SVP], outlining its reasons on the record as

well as issuing an [o]rder. [The trial court] then addressed sentencing.

Pursuant to invoking 42 Pa.C.S. § 9718.2,[2] the Commonwealth presented a certified copy of Appellant's prior conviction for sexual assault as well as the sentencing sheet. Counsel for Appellant argued that the mandatory minimum of twenty-five years [of imprisonment] was unconstitutional under [**Alleyne v. United States**, 133 S. Ct. 2151 (2013)]. [The trial court] disagreed with Appellant's argument and sentenced him to 300-600 months in a state correctional institution. On March 20, 2014, Appellant filed a [m]otion for [j]udgment of [a]cquittal or [a]rrest of [j]udgment. [The trial court] held a hearing on April 15, 2014, and subsequently denied the motion.

Appellant filed a timely notice of appeal on May 13, 2014. [The trial court] issued a [Pa.R.A.P.] 1925(b) [o]rder on May 14, 2014. Counsel requested an extension of time to file his 1925(b) statement which [the trial court] granted. On June 24, 2014, counsel filed a timely 1925(b) statement[. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 21, 2014.]

_____

[2] 42 Pa.C.S.A. 9718.2 provides, in pertinent part:

Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. § 9718.2(a).

Trial Court Opinion, 7/21/2014, at 2-5 (citations to the record and criminal statutes omitted) (footnote one incorporated into body of the text).

On appeal, Appellant presents the following issues for our review:

1) Whether the evidence was insufficient to sustain the conviction for [i]ndecent [a]ssault since the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] intentionally made indecent contact with a person less than thirteen years of age, or that he did so with the purpose of arousing himself or the complainant?

2) Whether the mandatory sentence imposed herein is illegal, and should be vacated, since the Commonwealth failed to prove that [Appellant] had a prior conviction necessary to trigger application of the provision, and because the provision and facts triggering it were not included within the charging document?

Appellant's Brief at 5 (italics omitted).

In his first issue presented, Appellant argues that there was insufficient evidence to support his conviction for indecent assault because the Commonwealth failed to prove that he made contact with the victim for the purpose of arousing himself or the victim. *Id.* at 12. More specifically, Appellant posits "he was not acting with the purpose of arousing" the victim and "his actions constituted a reasonable mistake, which negated any intent since he believed the complainant was an adult." *Id.* at 14. Appellant claims he "had a bona fide belief that he was engaging in lawful activity" and "[h]is reasonable belief that he was touching his adult girlfriend rendered his actions entirely innocent." *Id.* at 15.

Our standard of review is well settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Thompson**, 106 A.3d 742, 756 (Pa. Super. 2014) (emphasis and internal citation omitted).

Appellant was convicted of indecent assault of a person less than 13 years of age. "A person is guilty of indecent assault if the person has indecent contact with the complainant […] for the purpose of arousing sexual desire in the person or the complainant" and "the complainant is less than 13 years of age[.]" 18 Pa.C.S.A. § 3126(a)(7).

In this case, the trial court determined:

Here, the Commonwealth presented sufficient evidence to establish that Appellant committed indecent assault on a person less than thirteen years of age. Appellant asserts that the Commonwealth failed to show he intentionally had indecent contact with I.L. because he stated "my bad, I thought you were Amber." However, the testimony presented clearly established that Amber was not present at

the residence that evening. Rather, Appellant was at the home with I.L. and her friend and was present when the girls went upstairs to go to bed. Appellant walked into the bedroom, got into the bed, pulled down I.L.'s pants, unzipped his pants, put his hands onto I.L.'s rear end and proceeded to spread her cheeks apart. Appellant only stopped after I.L. woke up and confronted him. Even then, Appellant simply stated "my bad, I thought you was Amber." The intent to have indecent contact was certainly present. Furthermore, [the trial court did] not find Appellant's argument that he mistakenly believed the 60 [pound] child he was undressing was actually the grown woman he was having sexual relations with to be not credible.

Trial Court Opinion, 7/21/2014, at 6-7.

Based upon our standard of review and a review of the certified record, we agree. Appellant was a close family friend and spent considerable time at the subject residence. N.T., 5/15/2013, at 52-53. There were four bedrooms in the house. *Id.* at 43. The "middle" bedroom, where the incident occurred, was the victim's bedroom, but she often slept in her mother's bedroom. *Id.* at 44. Amber also slept in the middle bedroom from time to time. *Id.* at 53. There were only five people in the residence on the night in question – Appellant, the victim, the victim's friend, the victim's grandmother, and the grandmother's boyfriend. *Id.* at 42-43. The victim and her friend went upstairs to go to bed; they both slept in the same bed. *Id.* at 43, 46. The victim awoke with her pants down and Appellant with his hands on her rear-end "holding it open like." *Id.* at 47. When she turned on a light and confronted Appellant, he replied that he thought the victim was someone else. *Id.* Appellant's pants were unzipped.

*Id.* at 71. The victim's mother confronted Appellant several days later and he said, "I'm not a molester" and left the residence for a couple of days. *Id.* at 82-83. Upon his return to the residence, the victim's mother confronted Appellant again, in the presence of the victim, and Appellant stated that he thought the victim was Amber. *Id.* at 83. The victim's mother testified that she did not see Appellant for a long time after the second confrontation. *Id.* at 84. The victim suffered from insomnia and nightmares and began "acting up in school" following the incident. *Id.* at 85-86. The victim's mother testified that there was a 70 pound differential between the victim and Amber at the time in question. *Id.* at 87.

Appellant pulled down the victim's pants and grabbed the victim's rear-end. Appellant's pants were unzipped at the time. Thus, his intent of arousing sexual desire in himself was clear. Moreover, the record belies Appellant's claim of mistake. Appellant was familiar with the residence and the transient nature of the sleeping arrangements therein. Appellant witnessed the victim and her friend going upstairs to bed and they were the only people in the house aside from the three adults who all remained downstairs. The victim was sleeping in a bed with her friend at the time of the incident. The victim was much smaller than Amber and Amber was not present on the night in question. These facts refute Appellant's argument that he thought the victim was someone else. Further, when confronted by the victim's mother on different occasions, Appellant disappeared for days at a time. Finally, the victim's behavior was markedly different after the

incident. In totality, the facts were sufficient to convict Appellant of indecent assault on a person less than 13 years of age. Accordingly, Appellant's first issue lacks merit.

In his next issue, Appellant contends that the trial court imposed an illegal sentence when it applied a mandatory minimum sentence based upon a prior conviction pursuant to 42 Pa.C.S.A. § 9718.2. Appellant's Brief at 17. First, Appellant argues "the Commonwealth failed to establish that he had a prior conviction." *Id.* at 19. Appellant maintains that "[t]he only evidence" the Commonwealth offered "was a fourteen-year old sentencing sheet that contained the name Darren Macklin." *Id.* at 20. He suggests "[i]t could have been another Darren Macklin or someone who used his name at the time of arrest." *Id.* Next, Appellant avers that the indictment or bill of information does not contain allegations of prior convictions and, thus, the trial court could not impose an enhanced sentence under the recidivist statute. *Id.* at 22. In sum, he avers:

> The mandatory statute at issue in this case is more than just a sentencing provision. It is a new, aggravated crime, with increased penalties for alleged recidivists. In this case, the offense was graded as a first-degree misdemeanor, but the resulting penalty was ten times greater than that generally permitted for such violations. Therefore, the statute and the facts triggering it must be included in the charging document before it can be imposed. Otherwise, it would be akin to a defendant being charged with and convicted of only one minor crime, but being sentenced for a separate, more serious offense.

*Id.* at 23.

The United States Supreme Court has determined that any fact that increases a mandatory minimum sentence is an element of the crime, not a sentencing factor, and must be submitted to the jury to be determined beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151 (2013). However, this Court has recently determined:

> Prior convictions are the remaining exception to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Alleyne v. United States*, ––– U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), insofar as a fact-finder is not required to determine disputed convictions beyond a reasonable doubt to comport with the Sixth Amendment jury trial right. *See Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). However, the viability of this holding has been questioned, *see Almendarez–Torres, supra* (Scalia, J. dissenting); *Apprendi, supra* (Thomas, J. concurring), and five Justices appear to disagree with the *Almendarez* holding, to the extent a conviction would increase a defendant's maximum sentence; namely, Justices Scalia, Thomas, Ginsburg, Sotomayor, and Kagan. As noted by this Court, "[t]he precise issue has yet to be reconsidered by the United States Supreme Court following *Apprendi. See Alleyne, supra* at 2160 n. 1." *Commonwealth v. Watley*, 81 A.3d 108, 117 n. 3 (Pa. Super. 2013) (*en banc*).

*Commonwealth v. Hale*, 85 A.3d 570, 585 (Pa. Super. 2014). Thus, mandatory minimum sentences for recidivism remain constitutional in Pennsylvania.

In this case, pursuant to 42 Pa.C.S.A. § 9718.2, the trial court imposed a mandatory minimum sentence of 25 years of imprisonment, because Appellant had a prior conviction for sexual assault. Section 9718.2 provides, in pertinent part:

**(a)  Mandatory sentence.—**

(1) Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon such conviction, the court shall give the person oral and written notice of the penalties under paragraph (2) for a third conviction. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

\*          \*          \*

**(c) Proof of sentencing.--**The provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. Should a previous conviction be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court

for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

42 Pa.C.S.A. § 9718.2.

We are cognizant of the following legal principles:

In interpreting a statute, we are called to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions. When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Furthermore, we interpret statutes so as to give effect to all its provisions. We may not render language superfluous or assume language to be mere surplusage.

Additionally, this Court strictly construes criminal statutes and any doubt as to the meaning of a criminal statutory provision is to be resolved in favor of the defendant. Concomitantly, a court may not achieve an acceptable construction of a penal statute by reading into the statute terms that broaden its scope.

We generally interpret words and phrases according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

*Hale*, 85 A.3d at 580 (internal citations, quotations and brackets omitted).

Here, pursuant to the plain language of Section 9718.2, the Commonwealth was not required to give Appellant notice of the applicability of this statute prior to his conviction. *See* 42 Pa.C.S.A. § 9718.2(c) ("[N]otice … to the defendant shall not be required prior to conviction."). Thus, we summarily reject Appellant's contention that he was entitled to notice in the bill of criminal information. Instead, the Commonwealth was

- 12 -

required to give Appellant "reasonable notice of [its] intention to proceed under this section … after conviction and before sentencing." *Id.* On May 16, 2013, the trial court rendered its verdict. N.T., 5/16/2013, at 3-4. The trial court ordered a presentence investigation and a psychosexual evaluation. *Id.* at 6. Immediately thereafter, the Commonwealth gave notice that it planned to seek a mandatory minimum sentence of 25 years of imprisonment under Section 9718.2. *Id.* at 8-10. Thus, the Commonwealth gave proper notice under 9718.2.

At sentencing, the Commonwealth presented certified copies of a bill of criminal information "showing a conviction for a prior sexual assault … entered on January 14, 2000[,]" as well as the sentencing sheet in that matter, "for Darren Macklin, same date of birth." N.T., 2/28/2014, at 7, 11. The trial court recognized that the criminal complaint filed in this matter bore the name, "Darren Lamont Macklin, date of birth, November 4, 1976." *Id.* at 14-15. After examining the sentencing sheet in the prior sexual assault case, the trial court noted "it has the date of birth of November 4, 1976, which is the same date." *Id.* Hence, the trial court took "judicial notice based on the certified copies that this is one and the same person[.]" *Id.* at 15. Appellant had adequate notice, but did not offer any evidence that contradicted the Commonwealth's proof.[3]

---

[3] Instead, Appellant argued that under **Alleyne**, the Commonwealth was required to prove beyond a reasonable doubt that Appellant was the person

*(Footnote Continued Next Page)*

We discern no error. Under Section 9718.2, the Commonwealth was only required to prove by a preponderance of the evidence that Appellant was previously convicted of a crime under Section 9799.14.[4] "A preponderance of the evidence is the lowest burden of proof in the administration of justice, and it is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly in one's favor." ***Commonwealth v. A.R.***, 990 A.2d 1, n.4 (Pa. Super. 2010) (internal citation, quotations, and brackets omitted). Stated differently, preponderance of the evidence is tantamount to a "more likely than not" standard. ***Commonwealth v. Heater***, 899 A.2d 1126, 1133 (Pa. Super. 2006). Here, the Commonwealth presented evidence that Appellant was more likely than not the same person who committed the prior assault based upon the same name and birthdate as reflected in certified court documents. Appellant's second issue fails.

Judgment of sentence affirmed.

*(Footnote Continued)* —————————

who committed the prior conviction. N.T., 2/28/2014, at 12-13. Appellant suggested that the Commonwealth should have brought the victim, district attorney, trial judge, or Appellant's probation officer involved in the prior conviction proceedings into the instant sentencing proceeding to identify Appellant definitively. ***Id.*** As previously discussed, Appellant's reliance on ***Alleyne*** was misplaced and, as discussed ***infra***, the Commonwealth was only required to show by a preponderance of the evidence that Appellant committed the prior sexual assault.

[4] There is no dispute that sexual assault is an enumerated offense under Section 9799.14.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/2015